# Third District Court of Appeal
## State of Florida

Opinion filed December 18, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

Nos. 3D23-0617 & 3D23-0676
Lower Tribunal No. 19-18029
_____

**Richard Meruelo, et al.,**
Appellants,

vs.

**Maria C. Meruelo,**
Appellee.

Appeals from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

Law Offices of Geoffrey B. Marks, and Geoffrey B. Marks (Vero Beach), for appellant Richard Meruelo; Dorta Law, and Matias R. Dorta, for appellant PNTRX, LLC.

Rafool, PLLC, and Raymond J. Rafool and Seth J. Rutman and Kaylin R. Cohen; Ehrenstein Sager, and Brett D. Sager, for appellee.

Before EMAS, FERNANDEZ and BOKOR, JJ.

PER CURIAM.

In these consolidated cases, former husband Richard Meruelo and PNTRX, LLC appeal orders enforcing a partial marital settlement. The trial court found that Mr. Meruelo improperly sold his interest in the marital home to PNTRX, a company controlled by his mother, while foreclosure proceedings were pending and attempted to then redeem the property by depositing the sale proceeds into the court registry. Thus, the court ruled that the sale proceeds were subject to distribution and denied PNTRX's motion to intervene and stay disbursement of those funds.

While these appeals were pending, this Court affirmed as to Mr. Meruelo's appeal of an order in the related foreclosure case finding that he had sold the property to PNTRX and could not redeem the property because the winning bidder had become the owner by the time of the supposed redemption. See Meruelo v. Pine Tree Dev., LLC, No. 3D23-0457, 2024 WL 4280619 (Fla. 3d DCA Sep. 25, 2024). This ruling resolved the issues of both the validity of the redemption and the underlying foreclosure judgment and sale.

We asked the parties for supplemental briefing to address the impact of the decision in Meruelo on the remaining appeals. Specifically, we asked "whether the affirmance in 3D2023-0457 moots or otherwise resolves the

salient legal issues raised" in the remaining appeals. "An issue is moot when the controversy has been so fully resolved that a judicial determination can have no actual effect," and "[a] case is 'moot' when it presents no actual controversy or when the issues have ceased to exist." Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992); see also Montgomery v. Dep't of Health & Rehab. Servs., 468 So. 2d 1014, 1016 (Fla. 1st DCA 1985) ("A case becomes moot, for purposes of appeal, where, by a change of circumstances prior to the appellate decision, an intervening event makes it impossible for the court to grant a party any effectual relief. Mootness can be raised by the appellate court on its own motion." (citation omitted)). "A moot case generally will be dismissed." Godwin, 593 So. 2d at 212.

We have reviewed the parties' arguments on these appeals and the supplemental briefing and find the salient issues sufficiently resolved by our prior affirmance of the foreclosure order. As it pertains to the consolidated appeals addressed herein, the fact that this court affirmed the propriety of the foreclosure sale either renders the appeals here moot, or, alternatively, renders the decisions on appeal eminently reasonable considering such determination affirming the propriety of the foreclosure. See, e.g., Merrick Park, LLC v. Garcia, 299 So. 3d 1096, 1103 (Fla. 3d DCA 2019) (setting forth the abuse of discretion standard to review a motion to intervene).

3

Accordingly, we dismiss any issue arising from the propriety of the foreclosure sale as moot and to the extent Mr. Meruelo or PNTRX make any argument not directly mooted by the above-referenced affirmance in Meruelo, we affirm without further discussion.

Affirmed in part, dismissed in part.